## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHILUWATA LUNGU,      ) | |
|      ) | |
|     Plaintiff,   ) | |
|      ) | Civil Action File No.: |
| v.      ) | 1:23-cv-03503-MLB-JCF |
|      ) | |
| NCB MANAGEMENT SERVICES,   ) | |
| INC.,      ) | |
|      ) | |
|     Defendant.   ) | |
|      ) | |

## <u>DEFENDANT'S ANSWER TO AMENDED COMPLAINT</u>

Defendant NCB Management Services, Inc. ("NCB"), as and for its Answer to the Amended Complaint ("Complaint") of Chiluwata Lungu ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

## <u>AFFIRMATIVE DEFENSES</u>

## <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## <u>SECOND DEFENSE</u>

Plaintiff suffered no damage from the alleged violations of any law by NCB, which NCB denies, and therefore is not entitled to any award of damages, attorney fees or costs.

## THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which NCB denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of NCB.

## FOURTH DEFENSE

Plaintiff has failed to mitigate any and all damages.

## FIFTH DEFENSE

Any violation of any law was unintentional and occurred despite the existence and maintenance of procedures reasonable drafted to avoid such errors. Thus, NCB is entitled to the bona fide error defense.

## SIXTH DEFENSE

Plaintiff's claims are governed by a binding arbitration agreement, upon information and belief.

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

1.     In response to paragraph 1 of the Complaint, NCB admits that Plaintiff purports to bring this matter under the referenced laws but denies that it has violated any law.

2.     NCB lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of the Complaint and therefore denies the same.

3.     NCB lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

4.     NCB lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies the same.

5.     NCB admits the allegations set forth in paragraph 5 of the Complaint.

6.     NCB admits the allegations set forth in paragraph 6 of the Complaint.

7.     NCB lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of the Complaint and therefore denies the same.

8.     NCB lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of the Complaint and therefore denies the same.

9.     NCB lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of the Complaint and therefore denies the same.

10.     NCB denies the allegations set forth in paragraph 10 of the Complaint.

11.     NCB denies the allegations set forth in paragraph 11 of the Complaint.

12.     NCB denies that it failed to report Plaintiff's account as disputed as alleged in paragraph 12 of the Complaint.

13.     NCB denies the allegations set forth in paragraph 13 of the Complaint.

14.     NCB denies the allegations set forth in paragraph 14 of the Complaint.

15.     NCB adopts by reference all prior paragraphs as though fully set forth herein.

16.     NCB denies the allegations set forth in paragraph 16 of the Complaint.

17.     NCB denies the allegations set forth in paragraph 17 of the Complaint.

18.     NCB denies the allegations set forth in paragraph 18 of the Complaint.

19.     NCB denies the allegations set forth in paragraph 19 of the Complaint.

**WHEREFORE,** NCB prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against NCB with prejudice and on the merits;

2. Awarding NCB its attorney fees and costs; and,

3. Awarding NCB such other and further relief as the Court deems just and equitable.

Respectfully submitted this 22nd day of September 2023.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant NCB Management Services, Inc.*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHILUWATA LUNGU, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Civil Action File No.: |
| v. | ) 1:23-cv-03503-MLB-JCF |
| | ) |
| NCB MANAGEMENT SERVICES, | ) |
| INC., | ) |
| | ) |
|    Defendant. | ) |
| _____ | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed Defendant's Answer to the Amended Complaint using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Naja Hawk
pleadings@thehawklegal.com

Respectfully submitted this 22nd day of September 2023.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant NCB Management Services, Inc.*

- 6 -